IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, #354459, ) | CIVIL ACTION NO. 9:12-3183-MGL-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Wayne Byrd and Eric Hodges, ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the Darlington County Detention Center,[1] alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 24, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 28, 2013, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion could be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to Defendants' motion for summary judgment July 26, 2013.

---

[1]Plaintiff is now incarcerated at the Evans Correctional Institution, part of the South Carolina Department of Corrections. See Court Docket No. 26 [Change of Address Notice].



This matter is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[3] that on September 26, 2011 the Defendant Byrd (Sheriff of Darlington County) and Defendant Hodges (an Officer) arrested him on Warrant No. M820128. Plaintiff alleges that thereafter there was an investigative interview that was video recorded where Hodges stated that he [Plaintiff] had given obscene material to a minor in June or July, although Hodges also stated that this obscene material was not created until August. Plaintiff alleges that the Sheriff's Department then issued a seizure warrant to get his property and his mother's property. Plaintiff also alleges that when he was arrested, Hodges threatened him by telling him he was going to put Plaintiff "under the jail house" if Plaintiff was lying to him. Plaintiff alleges that he was illegally arrested and subjected to a wrongful search and seizure because "there was no evidence to substantiate the hearsay complaint", and asks that all charges be dropped, that his property be restored, and that those involved to be punished. See generally, Plaintiff's Verified Complaint.

In support of summary judgment, the Defendant Hodges has submitted an affidavit wherein he attests that he is a Lieutenant with the Darlington County Sheriff's Department, where he serves as the Supervisor of the Criminal Investigation Division. Hodges attests that pursuant to a complaint received by the Sheriff's Department on September 24, 2011 (a copy of which is attached

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

2



to Hodges' affidavit as Exhibit A), he was involved in an investigation of the Plaintiff. The investigation occurred after a Georgette Brown told Hodges that she had a cell phone belonging to the Plaintiff that was given to her by another family member after the other family member discovered naked pictures and draft text messages that Plaintiff had been writing to the complainant's juvenile daughter. Hodges attests that he then located the Plaintiff and initiated a traffic stop, identified himself, and advised Plaintiff that he needed to speak with Plaintiff concerning the investigation. Plaintiff was also arrested at that time for driving under suspension, because when the dispatcher ran a drivers license check on the Plaintiff, it was determined that his drivers license was suspended.

Hodges attests that Plaintiff agreed to questioning and an interview, which was video taped after Plaintiff was given his Miranda rights and Plaintiff completed a form stating that he did not object to the interview being video recorded. Following this interview, during which Plaintiff admitted to taking pictures of an individual with his cell phone and stated that he was "infatuated with her", an arrest warrant was obtained (Warrant M-820128) charging Plaintiff with obscene/disseminating obscene material to a minor 12 years or younger, a copy of which is attached to Hodges' affidavit as Exhibit B. See also, narrative from Exhibit A [Incident Report]. Hodges further attests that both a search warrant and a consent to search were obtained for Plaintiff's residence, along with search warrants for other personal property including computers, digital media storage devices, cell phones and email accounts, copies of which are attached to Hodges' affidavit as Exhibit C. Hodges attests that as a result of the search warrants, multiple arrests warrants were then issued for the Plaintiff charging him with sex/sexual exploitation of a minor, second degree, copies of which along with related indictments are attached to his affidavit as Exhibit D. Hodges

3



attests that these arrest warrants, titled M-826292 through M-826331, were served on the Plaintiff on November 9, 2011.

Finally, Hodges attests that at no time during the investigation and arrest of Plaintiff did he ever make any threats to the Plaintiff.  See Generally, Hodges' Affidvit, with attached Exhibits.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial.  Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992).  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exist.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).  Here, after careful review of the facts and evidence presented, the undersigned finds that the Defendants are entitled to summary judgment in this case.

4



First, it is well established that the use of vile or vulgar language is not a basis for a § 1983 claim. Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y. 1995)["Verbal assault, standing alone, is not a . . . cognizable injury in a 1983 civil rights action"]; Sluys v. Gribetz, 842 F.Supp. 764, 765 n.1 (S.D.N.Y. 1994) affmd., Sluys v. Gribetz, 41 F.3d 1503 (2d Cir. 1994); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Batista v. Rodriguz, 702 F.2d 393, 398 (2nd Cir. 1985); Ajaj v. United States, 479 F.Supp. 2d 501, 538 n. 16 (D.S.C. 2007). Therefore, Plaintiff's complaint that the Defendant Hodges "threatened" to put him "under the jail" if Plaintiff was lying to him does not by itself set forth a constitutional claim. Morva v. Johnson, No. 09-515, 2011 WL 3420650 at * 7 (W.D.Va. Aug. 4, 2011)[Plaintiff failed "to establish that a Defendant violated a constitutional right by harassing, threatening, or ridiculing him . . . ."]; DePaoa v. Taylor, No. 10-398, 2011 WL 2445859 at * 9 (W.D.Va. June 15, 2011)["[A]n institutional employee's verbal harassment of an inmate or idle threats made to an inmate, even if they cause an inmate fear, anxiety or discomfort, do not present a claim of constitutional magnitude."], adopted by, 2011 WL 3105336 (W.D.Va. July 25, 2011); Musto v. Trinity Food Service, Inc., No. 07-231, 2010 WL 3565723 at * 13 (M.D.Fla. 2010)["[V]erbal harassment does not state a claim for relief in a federal civil rights action."].

In any event, the only relief requested by Plaintiff against the Defendant Hodges for his alleged conduct is that he be "punish[ed]". Such relief is unattainable in a § 1983 action. Maxton v. Johnson, 488 F.Supp. 1030, 1032, n. 2 (D.S.C. 1980), citing United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.)[A federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court], cert denied. sub nomine, Clippinger v. United States, 364 U.S. 818 (1960); cf. Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the



prosecution or non-prosecution of another person]; Collins v. Palzzewski, 841 F.Supp. 333, 340 (D.Nev. 1993)["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil action'"].

With respect to Plaintiff's claim that he was illegally arrested and subjected to a wrongful search and seizure, District Courts faced with false arrest claims asserted prior to the entry of any criminal conviction generally enter a stay of the case during the pendency of the Plaintiff's state criminal case to protect the Plaintiff from the running of any applicable statute of limitations. Wallace v. Cato, 127 S.Ct. 1091, 1098 (2007)["If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended"]. Hence, if the Plaintiff were seeking monetary damages in this case, the undersigned would recommend a stay of this case with respect to these claims. Cf. Richardson v. Union Public Safety Dept. Police, No. 10-2679, 2011 WL 2193330 (D.S.C. May 13, 2011), adopted by, 2011 WL 2198291 (D.S.C. June 6, 2011); Dickerson v. City of Charleston Police Dept., 10-1625, 2011 WL 3880958 (D.S.C. Aug. 10, 2011)[Wallace court noted that a stay may be appropriate when a plaintiff files a false arrest claim prior to the resolution of criminal charges], adopted by, 2011 WL 3881041 (D.S.C. Sept. 2, 2011); Richmond v. Pieterse, No. 08-3173, 2009 WL 2781972 (D.S.C. Aug. 27, 2009)["Stay is necessary because the court in Wallace . . . held that the statute of limitations on any claims that Plaintiff may have for false arrest is not tolled during the pendency of the criminal proceedings]; see also Young v. Dow, No. 08-1702, 2009 WL 606241 (D.S.C. Mar. 6, 2009)[When plaintiff files a false arrest claim before he has been convicted of a charge it is within the power of



the District Court, and in accord with common practice, to stay the civil action until the criminal case is ended]; Nelson v. Marshall, No. 07-3974, 2008 WL 5046435 (D.S.C. Nov. 19, 2008).

However, Plaintiff has not asked for any monetary damages in this action. Rather, he only requests that his pending criminal charges be dropped because of his illegal arrest and that his property be "restored". In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a Federal Court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. Younger, 401 U.S. at 43-44 [Court of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief]; see also Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Plaintiff's complaint states that he is currently charged with criminal offenses as are set forth in the allegations of the Complaint and the exhibits and evidence submitted by the Defendants, and that, at least as of the filing of the Complaint, these charges were pending.[4]

---

[4]Plaintiff is now housed as an inmate with the South Carolina Department of Corrections. Plaintiff is apparently serving a sentence for "sex exploitation/minor 2d with a sentence start date of September 2011 [the same time frame at issue in this case]. See http://public.doc.state.sc.us/sdcc-public/ [Search Inmate Number 354459]; Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)[Courts "may properly take judicial notice of matters of public record."]. However, neither side has indicated that the pending charges at issue in this case have been resolved. If Plaintiff has now been convicted of these charges, even if he had been seeking monetary damages his unlawful
(continued...)

7



Therefore, as an ongoing state criminal proceeding exists, the first abstention prong is satisfied. The second criteria, implication of important state interests, is also satisfied since South Carolina's administration of its criminal justice system "free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). Regarding the third "adequate opportunity" criteria, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" Gilliam, 75 F.3d at 904 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

      Plaintiff will have sufficient opportunity, during his state criminal proceedings, to present his defenses that his arrest and the charges against him are improper and that the evidence at issue was improperly seized. Therefore, this Court should abstain from equitably interfering in Plaintiff's state criminal case. Cf. Suggs v. Brannon, 804 F.2d 274, 279-280 (4th Cir. 1986)[Finding that while a stay of any claim for damages would be appropriate, request for injunctive relief should be denied as this would intrude upon a pending state prosecution where the Plaintiff could question the constitutionality of the searches and seizures at issue.]; but see Traverso v. Penn, 874 F.2d 209, 213 (4th Cir. 1989) [Staying both § 1983 claim for damages *and* requests for injunctive relief under Younger while state criminal action proceeded].

---

[4](...continued)
arrest claim would be barred by Heck v Humphrey, 512 U.S. 477, 486-487 (1994), absent a showing that his criminal conviction has been invalidated in any way. If, however, Plaintiff's only requested relief remains exoneration on these charges, if he has now been convicted, his only recourse would be to seek federal habeas relief after he has exhausted his state court remedies. Picard v. Connor, 404 U.S. 270, 275 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973).



**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 15, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District C777yy7yourt Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

