IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry James Tyler, #354459, | ) | Civil Action No.: 9:12-3183-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Wayne Byrd and Eric Hodges, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

*Pro Se* Plaintiff Larry James Tyler ("Plaintiff"), an inmate at the Darlington County Detention Center when he filed this action, brought suit alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling and a Report and Recommendation ("Report"). On May 24, 2013, Defendants Wayne Byrd and Eric Hodges ("Defendants") filed a motion for summary judgment. (ECF No. 27.) Since Plaintiff is *pro se* in this matter, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on May 28, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 28.) Plaintiff filed his opposition to the motion for summary judgment on July 26, 2013 (ECF No. 33).

On August 15, 2013, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted. (ECF No. 35.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences

---

[1] On May 8, 2013, Plaintiff filed a Notice of Change of Address (ECF No. 26) notifying the court that he was moved to the Evans Correctional Institution.

if he failed to do so. (ECF No. 35 at 10.) Plaintiff filed no objections and the time for doing so expired on September 3, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the motion and response, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 35) by reference into this order. It is therefore ORDERED that Defendants' motion for summary judgment (ECF No. 27) is GRANTED, and this case dismissed.

IT IS SO ORDERED.

                                                  s/Mary G. Lewis
                                                  United States District Judge

Spartanburg, South Carolina
October 15, 2013